**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=====================================
ESTHER LEVY individually and
on behalf of all others similarly situated

                            Plaintiff,

      -against-

UNITED COLLECTION BUREAU, INC.

                            Defendant.

=====================================

**CLASS ACTION COMPLAINT**

*I.   Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

    1.    Plaintiff Esther Levy brings this action to secure redress from unlawful collection practices engaged in by Defendant United Collection Bureau, Inc.

    2.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

    3.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## *II.     Parties*

4. Plaintiff is a citizen of the State of New York who resides within this District.

5. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6. Upon information and belief, Defendant's principal place of business is located in Toledo, Ohio.

7. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *III.    Jurisdiction and Venue*

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *IV.    Allegations*

11. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

12. On or about April 28, 2017, United Collection Bureau, Inc. sent a collection letter to the Plaintiff Esther Levy. (see attached exhibit)

13. Upon information and belief, the said April 28, 2017 letter was the Defendant's initial communication with the Plaintiff.

14. The letter fails to adequately convey the "amount of the debt".

15. The letter stated in part: "As of the date of this letter, you owe the above stated New Balance amount. Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater."

16. This language violates § 1692g(a)(1), which requires debt collectors to inform consumers of the amount of the debt, and § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt.

17. The language stated above violates these provisions because it fails to inform Plaintiff whether the amount listed is the actual amount of the debt due, what other interest or charges might apply.

18. The letter does not provide any explanation or information about the claimed accruing interest and charges.

19. In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate the amount due on the date, he or she receives the letter.

20. In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate what he or she will need to pay to resolve the debt at any given moment in

the future.

21. The failure to provide this information or tools to ascertain "the amount of the debt" on the date of receipt of the letter or at any give other time in the future does not comply with 1692g as it fails to <u>meaningfully</u> provide "the amount of the debt".

22. It is not enough that the collector provide "the amount of the debt" on the date of the letter. The consumer must be able to know the interest rate and be able to discern the amount of the debt at any given time in the future. See *Taylor v. Fin. Recovery Servs., Inc.*, No. 17-1650-cv, 2018 BL 109391 (2d Cir. Mar. 29, 2018) ("In Carlin, we explained that a collection notice fails to satisfy Section 1692g if "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.")

23. In *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017), the Second Circuit clarified its holding in *Avila* by explaining that a collection letter "is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase."

24. This language in the collection letter did not adequately state the amount of the debt, as required under the FDCPA. In particular, the collection letter failed to specify or explain what the interest rate was or what type of charges could cause the balance to increase, nor did they inform the debtor what he or she would need to pay

to resolve the debt at any given moment in the future. The letter precluded a determination of what "the amount if the debt" was on the date of receipt of the letter.

25. The least sophisticated consumer would not understand how the fees would be calculated; what the current interest rate was and whether they could be disputed; or what provision of the underlying credit agreement gave rise to them.

26. The Defendant did not refer the Plaintiff to the underlying credit card agreement with the original lender. As was true in *Carlin*, the least sophisticated consumer would not understand from this reference what provision of that agreement, if any, gives rise to the potential "accrued interest and other charges" described in the said collection letter.

27. The Defendant's collection letter violates sections 1692g(a)(1) and 1692e of the FDCPA, since the collection letter failed to adequately convey the "amount of the debt".

28. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

29. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

30. The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

31. The letter fails to inform Plaintiff whether the amount listed already includes accruing "interest."

32. The letter fails to inform Plaintiff whether the amount listed already

includes "and/or other charges."

33. The letter fails to advise Plaintiff what portion of the amount listed is principal.

34. The letter fails to inform Plaintiff whether the amount listed will increase.

35. The letter fails to inform the consumer as to what he or she may need to pay to resolve the debt at any moment after the date of the letter, or provide an explanation of any fees and interest that will cause the balance to increase.

36. The letter fails to inform Plaintiff what "and/or other charges" might apply.

37. The letter fails to inform Plaintiff if "and/or other charges" are applied, when such "and/or other charges" will be applied.

38. The letter fails to inform Plaintiff if "and/or other charges" are applied, what the amount of those "and/or other charges" will be.

39. The letter fails to inform Plaintiff of the nature of the "and/or other charges."

40. The letter fails to inform Plaintiff if there is accruing interest, what the amount of the accruing interest will be.

41. The letter fails to inform Plaintiff if there is accruing interest, when such interest will be applied.

42. The letter fails to inform the Plaintiff if there is accruing interest, and what the interest rate is.

43. The letter fails to inform Plaintiff if there is accruing interest, the amount of money the amount listed will increase per day, per week, per month or per any measurable period for that matter.

44. The letter fails to indicate the minimum amount the Plaintiff owed at the time of the letter.

45. The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

46. The letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

47. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

48. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "as of the date of this letter," at any time after receipt of the letter.

49. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

50. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

51. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

52. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest

will be applied.

53. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

54. If "and/or other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "and/or other charges."[1]

55. The Defendant's failures are purposeful.

56. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

57. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "and/or other charges" might apply.

---

[1] *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017); *Balke v. All. One Receivables Mgmt.*, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time."); *Polak v. Kirschenbaum & Phillips, P.C.*, No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018) ("Defendant adds that the Creditor "is electing not to collect interest at this time." However, this does not change the reality that interest is accruing even during the collection process, and that at some future date, according to Defendant, either the Creditor or its assignee could choose to collect all accrued interest. In the context of the statement that no interest has accrued since charge-off, the statement that the "amount may vary from day to day due to interest and other charges" could mislead the least sophisticated consumer to believe that interest has stopped accruing. Defendant is not helped by its contention that this statement is true in that the characterization of "may" accurately conveys the two different scenarios: that interest is accruing and could be collected in the future, and that the Creditor is choosing not to collect interest at this time.")

58. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "and/or other charges" will be applied.

59. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

60. The Defendant's letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

61. The letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).[2]

62. Defendant's conduct constitutes a false, deceptive, and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

63. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

64. Defendant's conduct violates 15 U.S.C. §§ 1692g(a)(1) and 1692e.

65. In the alternative, the Defendant failed in the said letter, to properly disclose the amount of the debt as it stated that the current balance may increase, causing the Plaintiff to be uncertain of her rights and leaving her utterly confused as to the total amount she owes now and or in the future.

66. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the

---

[2] *Polak v. Kirschenbaum & Phillips, P.C.*, No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018) ("Pursuant to the holding in Carlin, this [alleged letter's language] is not enough to satisfy Section 1692g's requirement that the written notice contain the amount of the debt.")

amount of the debt owed by the Plaintiff.[3]

67. In the alternative, the said language in the above letter deceptively threatens "and/or other charges" of which the Defendant does not engage.

68. The Defendant does not, did not, and never will, add "and/or other charges" to the debt that the Defendant sought to collect from the Plaintiff.

69. The Defendant does not, did not, and never will, add "and/or other charges" to the alleged debt.

70. The Defendant may not legally or contractually impose interest or other charges on the alleged debt.

71. The Defendant threatened to impose "and/or other charges" that could not lawfully be imposed.[4]

72. Defendant's language is deceptive as the said debt would never accrue

---

[3] *Rozier v. Financial Recovery Systems, Inc.*, No. 10-CV-3273 (DLI)(JO) (E.D.N.Y. June 7, 2011). (The language used in the collection letter at issue here does not clearly state the total amount due, inform the consumer of the amount of any additional charges on the account or inform the consumer whether charges in addition to those included in the total amount due stated in the letter will even apply to the consumer's account. Furthermore, even if the total balance due is stated in several different places, the amount *actually due* when the consumer receives the collection letter could, according to the very language in the letter, be completely different than the amount listed.)

[4] *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018).("[T]he challenged statement is misleading to an unsophisticated consumer. The dunning letter states that, "[b]ecause of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater." . . . the dunning letter falsely implies a possible outcome—the imposition of "late charges and other charges"—that cannot legally come to pass… Here, the letter does not say how much the "late charges" are or what "other charges" might apply, so consumers are left to guess about the economic consequences of failing to pay immediately. But regardless of the amount of such charges, an unsophisticated consumer understands that these additional charges could further increase the amount of debt owed, thus potentially making it "more costly" for the consumer to hold off on payment. *Id.* at 827. Even if these additional charges are minimal, such that they might not "alter [the consumer's] course of action," they are still material because they would be "a factor in his decision-making process." *Id* This is especially true for consumers who are subject to debt collection activity. We have acknowledged that "[w]hen default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." *McMillan*, 455 F.3d at 762 (quoting S. Rep. No. 95-382, at 2 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695, 1697). Because these consumers must often make difficult decisions about how to use scarce financial resources, it is plausible that the fear of "late charges and other charges" might influence these consumers' choices. Therefore, the challenged statement is material. In sum, plaintiffs have plausibly alleged that the dunning letter was materially false and misleading to an unsophisticated consumer in violation of § 1692.")

"and/or other charges".[5]

73. Furthermore, Defendant was deceptive by stating that it might increase the amount owed, when Defendant had no legal or contractual right to take such actions.

74. 15 U.S.C. § 1692e provides:

75. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

(A) the character, amount, or legal status of any debt; or

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

76. The Defendant violated the above sections by falsely representing that "and/or other charges" may be added to the consumer's stated balance. When in fact, the debt would never vary from the date of issuance due to "and/or other charges". Avila v. Riexinger & Assocs., LLC, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *8 (2d Cir. Mar. 22, 2016) ("The district court also expressed a concern

---

[5] *Safdieh v. P & B Capital Group, LLC*, Civ. Action No. 14-3947 (FLW)(LHG) (D.N.Y. May 12, 2015). (Applying the least sophisticated debtor test, I find that Defendant is not entitled to judgment as a matter of law. Defendant's letter states: "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check." This statement, from the perspective of the least sophisticated debtor, is misleading, because the least sophisticated debtor may read the letter to mean that his or her account is subject to interest or late charges, and that she may ultimately owe more money than the letter shows. This meaning is false, because Plaintiff's account was not, allegedly, subject to interest or charges.)

that requiring debt collectors to disclose this information might lead to more abusive practices, as debt collectors could use the threat of interest and fees to coerce consumers into paying their debts. This is a legitimate concern. To alleviate it, we adopt the "safe harbor" approach adopted by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000)...The court [in Miller] held that a debt collector who used this form would not violate the [FDCPA], "**provided, of course, that the information [the debt collector] furnishes is accurate**.") (emphasis added)

77. In *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018) The Seventh Circuit noted that "even if a debt collector may generally rely on the safe harbor language to avoid liability under § 1692e, *Miller's* accuracy requirement still applies." In this instance, the agency's "use of the safe harbor language was inaccurate because [the agency] could not lawfully impose 'late charges and other charges.'" Thus, the agency was not entitled to safe harbor protection under *Miller*. Accordingly, the Seventh Circuit held that "debt collectors cannot immunize themselves from FDCPA liability by blindly copying and pasting the *Miller* safe harbor language without regard for whether that language is accurate under the circumstances." The Court therefore reversed the decision of the trial court.

78. If the Defendant in this case was in fact not going to charge "interest" or "and/or other charges" to the Plaintiff's account, then it was not protected by the safe-harbor language. *Ruge v. Delta Outsource Grp., Inc.*, No. 15-cv-10865, 2017 U.S. Dist. LEXIS 35047, 2017 WL 959017, at *3 (N.D. Ill. Mar. 13, 2017). (holding that, although "[the defendant's] letter is nearly identical to the safe harbor language in *Miller*," the

defendant was not immune from liability because "[t]he safe harbor language that says the amount of the debt might change because of interest was not true in this particular case") (footnote omitted)

79.     The least sophisticated consumer would be misled by this language because it suggests that the Defendant could potentially impose additional charges, even though that would never actually occur.[6]

80.     Furthermore, the said language leaves the Plaintiff unsure of the final amount of the debt; i.e. once she has paid the said amount, will this be the final amount or would she be subjected to more fees.

81.     Defendant engages as a matter of pattern and practice in the mailing of such collection letters to consumers in the state of New York.

82.     Defendant's letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692g(a)(1) for misrepresenting the amount of the debt owed, for false threats and for engaging in deceptive and misleading practices and for failing to state the accurate amount of the debt.

83.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

84.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

---

[6] *Reeseg v. General Revenue Corporation*, Civ. No. 2: 14-CV-08033-WJM-MF (D.N.Y. July 27, 2015). ([Plaintiff] sufficiently pleads that the collection letter is deceptive under § 1692e(10). Moreover, a debt collector may not threaten "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). For the reasons stated above, the least sophisticated consumer may also reasonably interpret the collection letter as a threat that [Defendant] may increase the amount owed, notwithstanding the fact that [Defendant] is contractually authorized to collect only the initial balance. . . . Additionally, the Court rejects [Defendant's] argument that the collection letter contains the "safe harbor" language described in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).); see also *Kolganov v. Phillips & Cohen Associates*, 2004 WL 958028 *3 (E.D.N.Y.)

85. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

86. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

87. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

88. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

89. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

90. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

91. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *V. Class Allegations*

92. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

93. The identities of all class members are readily ascertainable from the records of United Collection Bureau, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

94. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of United Collection Bureau, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

95. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

96. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

97. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

98. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

99. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

100. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

101. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

102. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI.  Cause of Action

103. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

104. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

>  a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;
>
>  b) the collection letter was sent to a consumer seeking payment of a personal debt;
>
>  c) the collection letter was not returned by the postal service as undelivered;
>
>  d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by the Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

### VII.  Violations of the Fair Debt Collection Practices Act

105. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

106. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

107. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII. Jury Demand*

108. Plaintiff demands a trial by jury.

### *IX. Prayer for Relief*

109. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
May 30, 2018

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

UNITED COLLECTION BUREAU, INC.
5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614

1-800-925-9018

ESTHER LEVY
**Redacted**

| | |
|---|---|
| Creditor: | CITIBANK, N.A. |
| Regarding: | CITI MASTERCARD |
| Last Four Digits of Creditor Account Number: | XXXXXXXXXXXX1774 |
| United Collection Bureau, Inc. Reference Number: | **Redacted** 01 |
| New Balance: | $2190.56 |
| Minimum Payment Due: | $538.56 |

Dear ESTHER LEVY:

Unless you dispute the validity of this debt or any portion thereof, please make your payment of at least the minimum payment due. Please make your payments payable to Citibank at the remit address below or call our office for arrangements.

As of the date of this letter, you owe the above stated New Balance amount. Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your payment is received. For further information, you may write to our office or call the telephone number within this communication.

When calling our office at 1-800-925-9018, please refer to reference number **Redacted** 01.

Please scan the QR code below to be directed to our website to make a payment, or you can go to: www.ucbinc.com, click on "Make a Payment" and follow the prompts.



Please contact the undersigned with respect to any questions or concerns you may have.

Sincerely,
Brian Macionsky
United Collection Bureau, Inc.

Business Hours: 8:00 a.m. – 9:00 p.m. ET Monday – Thursday
8:00 a.m. – 7:00 p.m. ET Friday

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

~~Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof,~~ this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

24CU027000CDNE

**PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.**
**PLEASE MAKE YOUR PAYMENT PAYABLE TO CITIBANK**

| | |
|---|---|
| Creditor: | CITIBANK, N.A. |
| Regarding: | CITI MASTERCARD |
| Last Four Digits of Creditor Acct. Number: | XXXXXXXXXXXX1774 |
| New Balance: | $2190.56 |
| Minimum Payment Due: | $538.56 |
| United Collection Bureau, Inc. Reference No: | **Redacted** 01 |
| United Collection Bureau, Inc. Telephone No: | 1-800-925-9018 |

PO BOX 140310
TOLEDO OH 43614
ADDRESS SERVICE REQUESTED

REMIT TO:
United Collection Bureau, Inc.
PO BOX 140310
TOLEDO OH 43614

April 28, 2017

ESTHER LEVY
**Redacted**



412365980